UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL A. RAY,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | No. 2:18-cv-0561 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the Administrative Law Judge's treatment of the medical opinion evidence constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 5 & 6.)

1

**PROCEDURAL BACKGROUND**

On February 21, 2013, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on October 28, 2009. (Transcript ("Tr.") at 18, 138-44.) Plaintiff's application was denied initially, (id. at 83-87), and upon reconsideration. (Id. at 89-93.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on March 11, 2014. (Id. at 32-58.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 32-35.)

In a decision issued on April 11, 2014, the ALJ found that plaintiff was not disabled. (Id. at 26-27.) On October 20, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's April 11, 2014 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing a complaint in this court on December 18, 2015. (Id. at 682-83.) Pursuant to the parties' stipulation, the case was remanded to the Commissioner for further proceedings on July 21, 2016. (Id. at 688.)

On March 27, 2017, a second hearing was held before an ALJ. (Id. at 637-58.) Plaintiff was represented by an attorney. (Id. at 640.) The ALJ received testimony from a Medical Expert and a Vocational Expert. (Id. at 637-58.)

In a decision issued on June 12, 2017, the ALJ again found that plaintiff was not disabled. (Id. at 630.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 21, 2009 through her date last insured of December 31, 2012 (20 CFR 404.1571 *et seq*.).
>
> 3. Through the date last insured, the claimant had the following severe impairment: degenerative disc disease of the spine. (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

2

> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform ("RFC") light work as defined in 20 CFR 404.1567(b) with the following function-by-function limitations: lift/carry 20 pounds occasionally, 10 pounds frequently; sit up to 6 hours total; stand/walk up to 6 hours total but cannot sit, stand, or walk more than 2 hours each without having to change position; occasional overhead reaching with the bilateral upper extremities; frequent handling, fingering, and feeling; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; occasionally stoop, kneel, or crouch, but can never crawl; and can never work around heavy industrial vibrations in the workplace.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a collection clerk and sales representative. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 21, 2009, the alleged onset date, through December 31, 2012, the date last insured (20 CFR 404.1520(f)).

(Id. at 621-30.)

On January 16, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's June 12, 2017 decision. (Id. at 598-603.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 14, 2018. (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or

reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion asserts that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 10) at 5-11.[3]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A. Dr. Andrew Burt**

Plaintiff first challenges the ALJ's treatment of the opinion offered by Dr. Andrew Burt, an examining physician. (Pl.'s MSJ (ECF No. 10) at 5-8.) Dr. Burt examined plaintiff on October 31, 2012. (Tr. at 216.) As a result of that examination, and a review of plaintiff's radiographic studies, Dr. Burt's objective findings included, "increased cervical lordosis, limited range of motion of the spine with spasm in the cervical paraspinous muscles, and radiographic changes of central stenosis, neural foraminal stenosis, and facet hypertrophy at multiple levels at the cervical spine, stable on radiographic studies." (Id. at 222.) In light of these findings, Dr. Burt opined that plaintiff was limited "to light work" as plaintiff's cervical spine impairment complicated "the ability to work in a standing and walking position with minimum demands for physical effort." (Id.)

The ALJ afforded Dr. Burt's opinion "little weight . . . because the opinion was issues (sic) in conjunction with the claimant's worker's compensation action, which, does not

necessarily apply the same definition of 'light work' as defined under Social Security rules." (Id. at 627.) The ALJ also found that "the standing/walking limitations are not well-defined for purposes of functional evaluation." (Id. at 628.)

It is true that "'Workers' compensation disability ratings are not controlling in disability cases decided under the Social Security Act, and the terms of art used in the California workers' compensation guidelines are not equivalent to Social Security disability terminology.'" Knorr v. Berryhill, 254 F.Supp.3d 1196, 1212 (C.D. Cal. 2017) (quoting Booth v. Barnhart, 181 F.Supp.2d 1099, 1104 (C.D. Cal. 2002)). However, it is the ALJ's responsibility to "'translate them into corresponding Social Security terminology.'" Perez v. Astrue, 831 F.Supp.2d 1168, 1177 (C.D. Cal. 2011) (quoting Booth, 181 F.Supp.2d at 1105)).

In this regard,

> . . . the ALJ should evaluate the objective medical findings set forth in the medical reports for submission with the worker's compensation claim by the same standards that s/he uses to evaluate medical findings in reports made in the first instance for the Social Security claim, unless there is some reasonable basis to believe a particular report or finding is not entitled to comparable weight.

Coria v. Heckler, 750 F.2d 245, 248 (3rd Cir. 1984). "The ALJ must 'translate' terms of art contained in such medical opinions into the corresponding Social Security terminology in order to accurately assess the implications of those opinions for the Social Security disability determination." Booth, 181 F.Supp.2d at 1106

Here, the ALJ made no effort to translate Dr. Burt's opinion into corresponding Social Security terminology. Such a failure constitutes error. See Gonzalez v. Commissioner of SSA, Case No. 16-cv-5310 KAW, 2018 WL 1426655, at *7 (N.D. Cal. 2018) ("Simply because medical evidence was derived from a worker's compensation proceeding does not mean the ALJ is not required to review that medical evidence and explain why such evidence should be afforded particular weight.").

**B.     Dr. Aruna Rao**

Plaintiff also challenges the ALJ's treatment of the opinion offered by Dr. Aruna Rao, a treating physician. (Pl.'s MSJ (ECF No. 10) at 8-10.) The ALJ's opinion noted that Dr. Rao's

Worker's Compensation progress notes "consistently" opined that plaintiff was limited to "modified sedentary work up to 4 hours per day." (Tr. at 628.) The ALJ, however, afforded Dr. Rao opinions "little weight," stating two explicit reasons. (Id.)

The first reason offered by the ALJ for affording Dr. Rao's opinions little weight was that, as with Dr. Burt's opinion, "the opinions were issued in connection with the claimant's worker's compensation case, which . . . may have different definitions of sedentary work than sedentary work is defined under Social Security rules." (Id.) As was true of the ALJ's treatment of Dr. Burt's opinion, the ALJ's failure to translate Dr. Rao's opinion into Social Security terminology constitutes an error. See Soria v. Berryhill, Case No. 1:18-cv-0890 SKO, 2019 WL 2448435, at *11 (E.D. Ca. June 12, 2019) ("the decision contains no indication that she adequately translated the 'sedentary job' limitation ascribed to Plaintiff by Dr. Rao into corresponding Social Security terminology. In failing to translate such functional limitation, the ALJ erred.").

The second reason offered by the ALJ for discrediting Dr. Rao's opinions was that the opinions were "not well-substantiated by <u>comprehensive</u> physical examination," but were instead "generally limited to range of motion evaluation, and superficial evaluation (i.e. noting tenderness and/or spasm) which would provide insufficient clinical basis to evaluate <u>full</u> physical function." (Tr. at 628) (emphasis in original).

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). In this regard, it is entirely unclear why the ALJ found Dr. Rao's opinions undermined by Dr. Rao's findings that plaintiff experienced limited range of motion, tenderness, and spasm.

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

////

**CONCLUSION**

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that "this Court should exercise its discretion to reverse and award benefits to" plaintiff, noting that more than five years have passed since plaintiff's application for benefits. (Pl.'s MSJ (ECF No. 10) at 11.) Plaintiff's argument is well taken. And, given the ALJ's multiple and repeated errors, the court is hesitant to send this matter back to the ALJ for yet a third bite at the apple. See, e.g., Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

////

However, given the nature of the ALJ's errors here—specifically the failure to translate doctors' opinions into Social Security terminology—the court cannot say that further administrative proceedings would serve no useful purpose. This matter will, therefore, be remanded for further proceedings consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 10) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 12) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with this order; and
5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 8, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\ray0561.ord